IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JUDY L. WALTERS,                        *

    Plaintiff,                         *

        v.                              *   CIVIL NO.: WDQ-11-3074

TRANSWESTERN CAREY WINSTON, LLC,        *

    Defendant.                         *

\* . \* . \* . \* . \* . \* . \* . \* . \* . \* . \* . \* . \*

MEMORANDUM OPINION

    Judy L. Walters sued Transwestern Carey Winston, LLC ("Transwestern") for wrongful termination and wage law violations. For the following reasons, the Court will deny her motions to remand, and for discovery or abstention, and grant Transwestern's motion to dismiss.

I. Background[1]

    Transwestern is a commercial real estate brokerage firm. ECF No. 10-1 at 4. On May 21, 2007, Transwestern hired Walters as a "Commercial Real Estate Agent-Independent Contractor, Assistant Vice President." Compl. ¶ 15. Two Transwestern officers[2] signed an independent contractor agreement and

---

[1] For Transwestern's motion to dismiss, the well-pled allegations in Walters's complaint are accepted as true. See *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011).

[2] President Thomas L. Nordlinger and Managing Senior Vice

memorandum (collectively, the "Contract"), promising to pay Walters a monthly $5,000 advance, which she would repay from the commissions she earned. Compl. ¶¶ 16, 18. Walters was told she had to work in the office from 9 a.m. to 5 p.m. each weekday, and would be eligible for health, disability, and life insurance benefits. Compl. ¶¶ 19, 23.

On August 4, 2008, Walters was named Senior Property Manager, reclassified as an employee, and paid a salary. Compl. ¶ 25.

On August 6, 2008, Walters was told to evict a tenant, Pharoh's Inc., from a building managed by Transwestern. Compl. ¶ 26. Walters decided that eviction was improper: The rental records showed that Pharoh's owed only about $900 in back rent, and the lease provided that all disputes between Pharoh's and Transwestern had to be arbitrated. Compl. ¶¶ 28-29. Walter's supervisors "harshly criticized" her for not evicting the tenant, and made "negative comments" about "the Egyptian ethnicity of Pharoh's owner and the need to evict Pharoh's to make the building marketable to a larger tenant." Compl. ¶ 30. On September 16, 2008, Walters was fired. Compl. ¶ 31.

On March 29, 2009, Transwestern sued Walters in the Circuit Court for Howard County ("*Walters I*"), alleging that she owed more than $67,000 in commission advances. Mem. in Supp. of Mot.

---

President George H. Carbonell. Compl. ¶ 15.

to Dismiss, Ex. 1. On June 9, 2009, Walters filed a *pro se* counterclaim asserting breach of contract, fraud, slander, extortion, negligence, and tortious interference with contract. *Id.*, Ex. 2.

On August 31, 2009, Walters, represented by counsel, filed an amended counterclaim asserting breach of contract by wrongful termination and failure to pay "the compensation [she] was owed." *Id.*, Ex. 3. On November 10, 2009, Walters filed a second amended counterclaim to add a claim for failure to pay commissions under the Maryland Wage Payment and Collection Law.[3] *Id.*, Ex. 4.

A bench trial took place on April 6 and 8, 2010. Mem. in Supp. Mot. to Dismiss, Ex. 7 (Docket Nos. 36, 37). On July 23, 2010, the Circuit Court for Howard County entered judgment for Transwestern on its claim and Walters's counterclaims. *Id.*, Ex. 7, 8.

On September 16, 2011, Walters filed this action in the circuit court, alleging wrongful discharge in violation of 42 U.S.C. § 1981, and compensation claims under the Fair Labor Standards Act (the "FLSA")[4] and Maryland wage statutes.[5] On

---

[3] Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*

[4] 29 U.S.C. §§ 201 *et seq.*

[5] Walters asserted claims under Maryland's Wage Payment and Collection Law, Wage and Hour Law, Md. Code Ann., Lab. & Empl.

3

September 27, 2011, Transwestern was served, and on October 27, 2011, it removed the action to this Court on the basis of federal question jurisdiction. ECF No. 1; 28 U.S.C. §§ 1331, 1441.

On November 3, 2011, Transwestern moved to dismiss. ECF No. 10. On November 10, 2011, the Court granted Transwestern's unopposed motion to stay Walters's motion for class certification until after the Court's ruling on the motion to dismiss. ECF No. 12. On November 28, 2011, Walters opposed the motion to dismiss.[6] On December 15, 2011, Transwestern filed a reply. ECF No. 17.

On February 27, 2012, Walters moved to remand or, alternatively, for joinder of "all individual members of the class for which she sought certification." ECF No. 18. On March 1, 2012, Transwestern opposed the motion.[7]

---

§§ 3-401 et seq., and the Maryland Workplace Fraud Law, id. at §§ 3-901, et seq. She moved for class certification on the Maryland and federal wage claims.

[6] ECF No. 15. The response was timely. See ECF No. 14 (order granting extension of time to file response in opposition). The response was titled "Plaintiff's Motion for Leave to Conduct Discovery and Hold in Abeyance Pursuant to Younger." See ECF No. 15.

[7] ECF No. 19. Walters has not filed a reply, and the time to reply has passed. See Local Rule 105.2 (a reply must be filed within 14 days after service of the opposition).

II. Analysis

  A. Walters's Motion for Remand or Joinder

    1. Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed action], the case shall be remanded." 28 U.S.C. § 1447. Subject matter jurisdiction exists if "the face of the complaint raises a federal question."[8]

Walters has moved to remand because "this Court arguably lacks subject matter jurisdiction" due to "the prevalence of unique state law issues." ECF No. 18 at 2. She concedes, however, that the complaint alleges "violation(s) of federal laws . . . , thus providing adequate grounds for federal court jurisdiction." Id. Because Walters has brought claims under § 1981 and the FLSA, the Court has federal question jurisdiction and will deny the motion to remand.[9]

---

[8] *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). See also 28 U.S.C. § 1331 ("The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

[9] The Court rejects Walters's alternative argument that this action is a continuation of *Walters I*. Walters argues that the circuit court in *Walters I* did not consider the Maryland rule on compulsory joinder, and the parties "have . . . the right to have the [circuit] court reconsider its determination after . . . proper joinder of all parties." ECF No. 18 at 2. But Transwestern did not remove *Walters I*; the only case before this Court is the action Walters filed on September 16, 2011, and Transwestern removed on October 27, 2011.

5

2. Joinder

Walters has moved alternatively under Fed. R. Civ. P. 19 for "joinder of individuals identified in the class she has proposed, as a class or as individual parties." ECF No. 18 at 3. She contends that, if they are not made parties to this case, they will face "almost certain claims of *res judicata* by [Transwestern]." Id.

Transwestern counters that the motion for joinder is premature because the Court has deferred ruling on class certification, and Transwestern will prevail on the motion to dismiss. ECF No. 19 at 6. It further argues that the motion for joinder does not comply with Rule 19 because Walters has not not identified the parties to be joined or the allegations they would make. Id.

Under Rule 19, a party who is subject to service and whose joinder will not deprive the Court of jurisdiction must be joined if: (1) the Court cannot give complete relief without the missing party; (2) resolving the matter without the missing party would impair her ability to protect her interest; or (3) an existing party would have a substantial risk of inconsistent or multiple obligations without the missing party's joinder. Fed. R. Civ. P. 19(a). "First, the district court must determine whether the party is 'necessary' to the action under Rule 19(a)." *Nat'l Union Fire Ins. Co. v. Rite Aid of S.C.*,

*Inc.*, 210 F.3d 246, 249 (4th Cir. 2000). "If the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b)." *Id.*

Walters's reliance on Rule 19 is misplaced. Walters cannot use the rule to sidestep the Court's stay of the motion for class certification. Walters did not oppose the stay, nor has she provided any reason to lift it. Further, Walters has not identified the parties she seeks to add, or their claims. Had the Court attempted an analysis of her Rule 19 motion, it would have lacked sufficient information to determine whether those parties were necessary or indispensable. *See Nat'l Union Fire Ins. Co.*, 210 F.3d at 249. Finally, Walters did not move for joinder until after Transwestern moved to dismiss. For the reasons stated below, the Court will moot the joinder issue by granting the motion to dismiss.

B. Transwestern's Motion to Dismiss

Walters asserts that she was wrongfully terminated for refusing to evict Pharoh's, in violation of § 1981, and was misclassified and paid as an independent contractor -- rather than an employee -- in violation of the FLSA and Maryland wage laws. Compl. ¶¶ 2, 4.

In moving to dismiss, Transwestern argues that *res judicata* bars Walters's lawsuit, her compensation claims are time-barred,

7

and she has failed to state a claim under § 1981, the FLSA, or the Maryland wage laws. ECF No. 10.

1. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Midgal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[ ] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

2. Transwestern's Motion

Transwestern argues that *Walters I* bars this lawsuit by *res judicata*, Walters's compensation claims are time-barred, and she has failed to state a claim under § 1981, the FLSA, or the Maryland wage laws. ECF No. 10.

In response, Walters argues that she has stated a prima facie § 1981 claim, seeks discovery to "collect facts" to rebut the motion to dismiss,[10] and asks the Court to abstain from "interfering" with "the state proceedings" under the *Younger* abstention doctrine stated in *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 15.

*Younger* abstention is inapplicable because there is no ongoing state judicial proceeding; the Circuit Court for Howard

---

[10] Walters argues that Transwestern's motion is "one for ultimate judgment" because it includes "numerous exhibits (albeit public documents all)." ECF No. 15 at 1 n.1.

County has entered judgment in *Walters I*.[11] Further, Walters has failed to explain what facts are necessary to rebut the motion, and the Court may consider the papers from *Walters I* without converting Transwestern's motion into one for summary judgment requiring discovery.[12] Accordingly, the Court will not grant leave for discovery or abstain from ruling on Transwestern's

---

[11] *See* Mem. in Supp. Mot. to Dismiss, Ex. 7, 8. "Under *Younger* abstention, federal courts abstain from resolving suits when there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding, and the state proceeding implicates important, substantial, or vital state interests and provides an adequate opportunity to resolve the parties' federal claims or defenses." *Sager v. Housing Comm'n of Anne Arundel Cnty.*, ---F. Supp. 2d--, Case No. ELH-11-2631, 2012 WL 1233016, at *12 (D. Md. Apr. 11, 2012). Without elaboration, Walters asserts that "the state case has been reopened and a further hearing has been scheduled," so "removal was premature under the *Younger* doctrine." ECF No. 15 at 3. According to Transwestern, the only pending state action is the proceeding to enforce the judgment in *Walters I*. *See* ECF No. 17, Ex. 1 (master's recommendation that Walters be ordered to show cause for her absence at a judgment enforcement hearing), Ex. 2 (Walters's exceptions to the master's report and recommendation). Because there is no pending litigation on the merits, abstention is improper. *See, e.g., Rhoades v. Penfold*, 694 F.2d 1043, 1048-49 (5th Cir. 1983) (because the action "involve[d] a final judgment issued by the state district court," "the principles of comity implicated in *Younger* [were] not involved," and "the district court did not err in refusing to abstain"). Walters has also failed to identify any "important, substantial, or vital state interests" that warrant abstention. *Sager*, 2012 WL 1233016, at *12.

[12] In reviewing motions to dismiss, the Court may consider not only the allegations in the complaint, but matters of public record and documents attached to the motion to dismiss that are integral to the complaint and authentic. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Walters has conceded that the exhibits attached to Transwestern's motion -- the pleadings, docket sheet, and judgments from *Walters I* -- are public records. *See supra* note 10.

motion to dismiss.

    a. *Res Judicata*

The law of the state in which a prior judgment was rendered determines whether that judgment is given preclusive effect. *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (*citing* 28 U.S.C. § 1738). Because the Circuit Court for Howard County rendered the judgment in *Walters I*, Maryland law applies.

In Maryland, "claim preclusion, or *res judicata*, bars the relitigation of a claim if there is a final judgment in a previous litigation [and] the parties, the subject matter and causes of action are identical or substantially identical . . . to issues actually litigated and . . . those which could have or should have been raised in the previous litigation." *R&D 2001, LLC v. Rice*, 938 A.2d 839, 848 (Md. 2008) (internal quotation marks omitted). The doctrine applies if "(1) the parties in the present litigation are . . . the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Id.*

In determining whether an issue could have been litigated in an earlier action, Maryland courts apply a transactional test:

    When a valid and final judgment rendered in an action

11

>   extinguishes the plaintiff's claim . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.[13]

A group of facts constitutes a "transaction" or "series of transactions" if

>   [1] the facts are related in time, space, origin, or motivation, . . . [2] they form a convenient trial unit, and . . . [3] their treatment as a unit conforms to the parties' expectations or business understanding or usage.[14]

Thus, if various "claims or theories are based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them simultaneously." *Norville*, 887 A.2d at 1038. "Legal theories may not be divided and presented in piecemeal fashion in . . . separate actions," *id.*, and "a mere change in the legal theory, applied to the same set of facts previously litigated, will not in and of itself avoid claim preclusion."[15]

---

[13] *FWB Bank v. Richman*, 731 A.2d 916, 927 (Md. 1999), quoting Restatement (Second) of Judgment § 24 (1982).

[14] *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 887 A.2d 1029, 1038 (Md. 2005), quoting Restatement (Second) of Judgment § 24 (1982).

[15] *Kent Cnty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 236 (Md. 1987). Accord *Cromwell v. County of Sac*, 94 U.S. 351, 358 (1876) (res judicata applies "not only to the points upon which the court was required . . . to form an opinion, . . . but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time"), *quoted in*

Transwestern argues that the "principal differences" between the counterclaims in *Walters I* and the claims here are the "theories of recovery." ECF No. 10-1 at 1.  Transwestern contends that, because Walters "could have asserted her instant termination and compensation claims . . . in *Walters I*," "*res judicata* precludes her from doing so now." *Id.* at 2.

*Res judicata* bars Walters's claims.  The Circuit Court for Howard County has entered a final judgment in *Walters I*, and the parties are identical.  *See R&D 2001, LLC*, 938 A.2d at 848. Moreover, Walters has alleged wrongful termination and compensation violations in both actions.  In *Walters I* she alleged breach of contract by wrongful termination and failure to pay commissions under the Maryland Wage Payment and Collection Law (the "MWPCL").  Mot. to Dismiss, Ex. 4.  In this lawsuit, she reasserts the MWPCL claim and alleges violations of two other Maryland wage laws, the FLSA, and § 1981.  *See* Compl. Each claim relates to Walters's compensation at Transwestern, and her termination.  *See* Compl.  Because the claims here rest on facts "related in time and space" to those in *Walters I*, *see Norville*, 887 A.2d at 1038, they "could have or should have been raised in the previous litigation," *R&D 2001, LLC*, 938 A.2d at 848.  Thus, *res judicata* bars this lawsuit, and the Court will

---

*Norville*, 887 A.2d at 1037.

grant Transwestern's motion to dismiss.[16]

III. Conclusion

For the reasons stated above, the Court will deny Walters's motions to remand, and for discovery or abstention, and grant Transwestern's motion to dismiss.

```
_4/27/12_____                    ___[signature]_____
Date                               William D. Quarles, Jr.
                                   United States District Judge
```

---

[16] Walters apparently concedes that the claims are *res judicata* because she did not refute this argument in her opposition to the motion to dismiss. *See, e.g.*, *Grinage v. Mylan Pharms., Inc.* ---F. Supp. 2d---, Case No. CCB-11-1436, 2011 WL 6951962, at *3 n.2 (D. Md. Dec. 30, 2011) (plaintiff abandoned a claim when her response in opposition failed to address the defendant's challenge to that claim in its motion to dismiss).